IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JOE HAND PROMOTIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | 1:14CV459 |
| | ) | |
| JULIANA L. LAWHON, d/b/a | ) | |
| LOCAL HOUSE BAR, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

This matter is before the Court on Plaintiff Joe Hand Promotions, Inc.'s ("Joe Hand") Motion for Default Judgment ("Motion") pursuant to Rule 55 of the Federal Rules of Civil Procedure [Doc. #12]. Joe Hand filed this action against Defendant Juliana L. Lawhon d/b/a Local House Bar ("Lawhon" or "Defendant") alleging violations of 47 U.S.C. §§ 553 and 605 for unlawfully exhibiting UFC 169: Barao v. Faber II. [Doc. #1.] Although Lawhon was granted an extension of time within which to answer or otherwise respond to the Complaint [Text Order July 21, 2014], she failed to do so and the Clerk entered default against Defendant [Doc. #11]. Joe Hand filed the present Motion, and a hearing was held on January 7, 2016. [See Order, Doc. #16 (scheduling hearing and ordering counsel to take certain actions)]. After arguments, the Court granted the Motion in part and

instructed that a written order would be forthcoming. [Doc. Entry Jan. 7, 2016.]

As a result of her default, Lawhon admitted Joe Hand's well-pleaded factual allegations. See Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001). Those well-pleaded factual allegations sufficiently state a claim for relief under both 47 U.S.C. §§ 553,[1] 605.[2] See J & J Sports Prods., Inc. v. Brazilian Paradise, LLC, 789 F. Supp. 2d 669, 673-77 (D.S.C. 2011) (analyzing allegations to "ensure the Complaint sets forth claims under . . . 47 U.S.C. § 605 before entering default judgment"). Although Joe Hand elected to pursue statutory damages under section 605, its auditor attested that he "did not observe a satellite dish" outside or inside the Local House Bar. [Jonathan Aguilar Aff. Doc. #13-2.] Were Defendant to have unlawfully intercepted a cable, and not a satellite, transmission, section 605 would not apply. Nevertheless, the damages awarded in this

---

[1] 47 U.S.C. § 553 prohibits unauthorized reception of cable service. A plaintiff may elect actual or statutory damages. The statutory damages range from $250 to $10,000 "as the court considers just[,]" and the court "may" award full costs, including reasonable attorneys' fees. 47 U.S.C. § 553(c)(2), (3)(A). If a party willfully violates section 553, the court may increase damages no more than an additional $50,000. 47 U.S.C. § 553(c)(3)(B).

[2] 47 U.S.C. § 605 prohibits unauthorized reception of satellite transmissions. A plaintiff may elect actual or statutory damages. The statutory damages range from $1,000 to $10,000 "as the court considers just[,]" and the court "shall" award full costs, including reasonable attorneys' fees. 47 U.S.C. § 605(e)(3)(B), (C)(i). If a party willfully violates section 605, the court may increase damages no more than an additional $100,000. 47 U.S.C. § 605(e)(3)(C)(ii).

2

case fall within the parameters of section 553, as well. See Brazilian Paradise, LLC, 789 F. Supp. 2d at 674 (recognizing that section 605 would be inapplicable if the defendant intercepted a cable broadcast, but noting that "[i]n any event, in light of the . . . damages, the distinction is without a difference in this case").

Counsel for Joe Hand presented no argument as to the appropriate method for determining what amount within the statutory range to award as damages. See, e.g., J & J Sports Prods., Inc. v. Brutti's LLC, No. 1:14CV269, 2014 WL 7363823, *7-8 (E.D. Va. Dec. 23, 2014) (describing a per patron rate and a flat fee based on the unpaid sublicense fee according to the establishment's maximum occupancy rate). Because Joe Hand has not substantiated Mr. Aguilar's estimation of the Local House Bar's maximum occupancy [see Doc. #13-2], the per patron rate is the appropriate method for calculating statutory damages here. See Brutti's, LLC, 2014 WL 7363823, at *8 (declining to use the maximum occupancy number stated by the investigator because it was unclear whether this was based on his guess or an occupancy sign). However, Mr. Aguilar's three head counts of ten, fifteen, and seven "people" in the establishment at each particular time are also problematic because they may include the two bartenders who would not be patrons, as well as himself. Taking that into account, the

3

Court calculates statutory damages based on twelve patrons (fifteen "people" minus the two bartenders and Mr. Aguilar) at a rate of $100, which is appropriate in this case considering the range of rates used in other cases, for damages in the amount of $1,200. See Brutti's, LLC, 2014 WL 7363823, at *7, *7 n. 4 (noting that the accepted per person rate in the Eastern District of Virginia is $100 and citing J & J Sports Prods., Inc. v. El Tropicabana, No. 3:12CV800, 2013 WL 3270563, at *3 (E.D. Va. June 26, 2013) as providing the range of rates elsewhere).

Because "signals do not descramble spontaneously, nor do television sets connect themselves to cable distribution systems," Joe Hand is also entitled to enhanced statutory damages because of Defendant's willful violation of the law. Tropicabana, 2013 WL 3270563, at *3 (finding that the defendant acted willfully and citing Time Warner Cable v. Googies Luncheonette, 77 F. Supp. 2d 485, 490 (S.D.N.Y. 1999)); see also Trans World Airlines, Inc. v. Thurston, 469 U.S. 111, 127, 105 S. Ct. 613, 624 (1985) (recognizing willfulness in a civil case as "a disregard for the governing statute and an indifference to its requirements"); [Joe Hand, Jr. Aff. ¶ 9, Doc. #13-1]. Other than Defendant's willful conduct, Joe Hand has neither alleged nor provided evidence of any other aggravating factor. See J & J Sports Prods., Inc. v. Centro Celvesera La Zaona, LLC, No. 5:11-

CV-00069-BR, 2011 WL 5191576, at *2 (E.D.N.C. Nov. 1, 2011) (providing factors for determining enhanced damages). In accordance, to deter Lawhon from future violations, Joe Hand is awarded $3,600 in enhanced damages, an amount that is treble the awarded statutory damages. See, e.g., Joe Hand Promotions, Inc. v. Upstate Recreation, No. 6:13-2467-TMC, 2015 WL 685461, at *9 (D.S.C. Feb. 18, 2015) (awarding as enhanced damages 2.5 times the statutory damages and citing cases awarding three times and two times the statutory awards); J & J Sports Prods., Inc. v. Romenski, 845 F. Supp. 2d 703, 708 (W.D.N.C. 2012) (awarding total damages equal to treble the sublicense fee).

Although counsel for Joe Hand was instructed to provide support at the hearing for the reasonableness of his rates in accordance with Robinson v. Equifax, 560 F.3d 235 (4th Cir. 2008), he did not. However, because counsel has likely spent more than the six hours he forecasted in his Declaration [see Doc. #14] on the matter, the Court awards the requested $1,500 in attorney's fees, noting that this reflects an hourly rate less than that proposed by counsel. Joe Hand is also awarded $510 in costs, the $400 filing fee and $110 to effectuate service, which are found to be reasonable.

For the reasons stated herein, Joe Hand is entitled to a total of $4,800 in statutory damages, $1,500 in attorney's fees, and $510 in costs.

**IT IS HEREBY ORDERED** that Plaintiff Joe Hand Promotions, Inc.'s Motion for Default Judgment is **GRANTED IN PART AND DENIED IN PART**, and that default judgment is entered against Defendant Juliana L. Lawhon d/b/a Local House Bar in Plaintiff Joe Hand Promotions, Inc.'s favor in the amount of $6,810.00.

This the 13th day of January, 2016.

/s/ N. Carlton Tilley, Jr.
Senior United States District Judge
